SYEDYASIR A. NAQVI, individually and as principal of ON TIME LIMO AND CAR SERVICE INC. and SHANZAE FOODS LLC d/b/a TIC TAC DOUGH PIZZA 2, Plaintiff, Pro Se v. PISCATAWAY TOWNSHIP and PISCATAWAY TOWNSHIP OFFICIALS (Names Subject to Discovery); LT. COFFE...

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SYEDYASIR A. NAQVI, individually and as principal of ON TIME LIMO AND CAR SERVICE INC. and SHANZAE FOODS LLC d/b/a TIC TAC DOUGH PIZZA 2,
Plaintiff, Pro Se
v.
PISCATAWAY TOWNSHIP and PISCATAWAY TOWNSHIP OFFICIALS (Names Subject to Discovery); LT. COFFEY, Piscataway Police Department, individual and official capacities; LT. CHRIS YOUNG, Piscataway PD Internal Affairs, individual and official capacities; DETECTIVE CASSENS, Carteret Police Department, individual and official capacities; OFFICER GORSKI, Lawrence Township Police Department, individual and official capacities; DETECTIVE LESTUCK, Sayreville Police Department, individual and official capacities; DETECTIVE WAGNER, Sayreville Police Department, individual and official capacities; JUDGE MORSE, Woodbridge Municipal Court, individual capacity; JUDGE WEBER, Sayreville Municipal Court, individual capacity; JUDGE JONES, Middlesex County Superior Court, individual capacity; BONILLA (first name subject to discovery), individual capacity; FBI NEWARK FIELD OFFICE / JTTF MEMBERS AND FORMER HANDLERS (Names Subject to Discovery); SBA REPRESENTATIVE (Identity Subject to Discovery); VARANO LAW FIRM; SIEBERT, attorney at Varano Law Firm, individual capacity; JUDGE CORMAN, Middlesex County Superior Court, individual capacity; FANNIE MAE (FEDERAL NATIONAL MORTGAGE ASSOCIATION); SHELLPOINT MORTGAGE SERVICING; SLS SPECIALIZED LOAN SERVICING LLC; LARRY SHARPE c/o Sharpe Realty; SHARPE REALTY; SUE BARONE c/o NJ REO LLC; NJ REO LLC; BARBARA WRIGHT c/o Briggs & Union; BRIGGS & UNION (f/k/a Jefferson Mount Laurel); BRIDGEWATER CHEVROLET; BRYAN FERRAEZ, Bridgewater Chevrolet, individual and official capacities; KENNETH SCHUSTER, Bridgewater Chevrolet Finance Department, individual and official capacities; AILEEN DOE (last name subject to discovery), Bridgewater Chevrolet HR, individual and official capacities; MOHAMED AMIN, Sayreville, NJ; ESTATE OF WAQAS RANA, DECEASED, c/o 70 Wolff Ave, Edison, NJ; ATULKUMAR PATEL, Toms River, NJ; NILESH PATEL, Toms River, NJ; NIRALY PATEL, Toms River, NJ; MASSOUD ANSARI c/o MSNF Foods/Domino's, 135 Hwy 27, Edison, NJ; SYED AKHTAR ZAIDI c/o Zaidi Universal LLC, 21 Chain O Hills Rd, Iselin, NJ; SYED SAFDAR ZAIDI c/o SNZ Food Corp, 586 New Brunswick Ave, Perth Amboy, NJ; RAHAT AFZAL, 74 Avon Terrace, Iselin, NJ; IMRAN S. ALI, landlord, 74 Avon Terrace, Iselin, NJ and 260 Stelton Rd, Piscataway, NJ 08854; AMIR S. ALI, 5860 207th St, Bayside, NY; GISELLA CUADRADO, 5860 207th St, Oakland Gardens, NY; CHARLES SERABIAN, Broward County, FL; KAROLINA DOE (last name unknown), Broward County, FL; ROXANNE DOE (last

name unknown), Lucky Deals LLC, Broward County, FL; BROWARD COUNTY SHERIFF'S OFFICE; RICHARD DOE (last name withheld), contractor; RAZIA SULTANA; SAHAR ABID, estranged spouse; MIRACLE AIR COMPANY and affiliated corporate entities, Sebastian, FL; ANGELICA LUGO, Mount Laurel PD, individual and official capacities; SYED NAQVI (a/k/a "Syed Naqvi of Bridgewater, NJ," younger brother of Syed Naqvi of Parlin NJ), individual capacity; SYED NAQVI OF PARLIN, NJ (a/k/a owner of NJ Limo.us), individual capacity; WIFE OF SYED NAQVI OF PARLIN (identity subject to discovery); DAUGHTER OF SYED NAQVI OF PARLIN (identity subject to discovery); SYED R. NAQVI; SYED WASIF NAQVI; ALI NAQVI; ABDULLAH KHAN; ESTATE OF KARIM KHAN, DECEASED; PATRICIA GONZALEZ (role subject to discovery); and JOHN/JANE DOES 1–20,
Defendants.
Civil Action No.:
Jury Trial Demanded

DEMAND LETTER AND NOTICE OF INTENT TO SEEK EMERGENCY INJUNCTIVE RELIEF, TORT DAMAGES, AND RELIEF UNDER RICO (18 U.S.C. § 1962)
Date: February 16, 2026
From:
Syedyasir A. Naqvi
145 Garden Terrace, Edison, New Jersey 08820
Plaintiff, Pro Se
To:
All Named Defendants and Their Legal Representatives; Wells Fargo Bank, N.A.; Discover Financial Services; Robinhood Financial LLC; Fidelity Investments / FMR LLC; Citizens Bank, N.A. (Re: Account No. ****6935); U.S. Small Business Administration, District Counsel; United States Attorney's Office, District of New Jersey; Federal Bureau of Investigation, Newark Field Office / JTTF; Piscataway Township, Middlesex County, New Jersey; Lawrence Township Police Department, Mercer County, New Jersey; Sayreville Police Department, Middlesex County, New Jersey; Carteret Police Department, Middlesex County, New Jersey; Broward County Sheriff's Office, Broward County, Florida; New Jersey Office of Attorney Ethics; New Jersey Supreme Court Advisory Committee on Judicial Conduct; New Jersey Office of the Attorney General; Apple Inc. (Re: iCloud Account syedyasirnaqvi@icloud.com).

I. PRELIMINARY STATEMENT
Plaintiff Syedyasir A. Naqvi ("Plaintiff"), appearing pro se, individually and as principal of On Time Limo and Car Service Inc. (est. May 2010, AMBR: Syedyasir Naqvi) and Shanzae Foods LLC d/b/a Tic Tac Dough Pizza 2, issues this formal Demand Letter and Notice of Intent to Seek Emergency Injunctive Relief, Tort Damages, and Relief under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, against all above-named Defendants for a sustained,

coordinated, decade-long, multi-jurisdictional criminal enterprise directed against Plaintiff spanning the states of New Jersey, New York, and Florida, implicating federal agencies, multiple municipal police departments, judicial officers, attorneys, mortgage servicers, real estate actors, corporate employers, franchise operators, and private individuals, commencing in 2016 and continuing uninterrupted through the present date of February 2026.

Plaintiff was formerly known to certain federal actors by the code name "MUGATU" in connection with his service as a Confidential Human Source (CHS) for the FBI Newark Field Office and/or its Joint Terrorism Task Force (JTTF). The enterprise originated in 2016 when FBI handlers approached Plaintiff under a false national security pretext contemporaneously with Plaintiff's eviction from his residence at 67 Sonora Ave, Iselin, NJ 08830 — the first in a cascading series of coordinated attacks on Plaintiff's housing, businesses, finances, family, physical safety, and constitutional rights that has continued without interruption for a decade.

Every accusation, charge, prosecution, and proceeding generated by this enterprise against Plaintiff has been dismissed, retracted, contradicted by evidence, or otherwise failed to produce a single bona fide substantiated finding against him — establishing conclusively that the entire apparatus constitutes a criminally weaponized entrapment scheme that failed catastrophically on its merits while succeeding in causing the comprehensive, systematic annihilation of a strong, innocent, uncharged father and his life's work.

II. PARTIES

1. Plaintiff Syedyasir A. Naqvi is a natural person residing at 145 Garden Terrace, Edison, NJ 08820; former CHS of FBI Newark / JTTF, code name "MUGATU"; principal of On Time Limo and Car Service Inc. (est. May 2010) and Shanzae Foods LLC d/b/a Tic Tac Dough Pizza 2; former employee of Bridgewater Chevrolet and Domino's franchise operations who engaged in protected whistleblower activity; and victim of a decade-long sustained multi-jurisdictional organized criminal enterprise as described herein.

2. Defendant Piscataway Township and Piscataway Township Officials are the municipality and its officers acting under color of state law under 42 U.S.C. § 1983, identities subject to discovery.

3. Defendant Lt. Coffey is a Piscataway PD Lieutenant who on January 28, 2022, acting in conjunction with Defendant Syed Naqvi of Bridgewater and Defendant Imran S. Ali, maliciously initiated prosecution of Plaintiff under Piscataway PD Incident Nos. 2200 and 2680 — charges dismissed without cause, establishing malicious prosecution conducted in retaliation for Plaintiff's protected reporting activity. Lt. Coffey further engaged in criminal coercion by force and threat, and singlehandedly resurrected a 2009 illegal left turn ticket on S. Kossuth Rd, Piscataway — a ticket dismissed and paid in full within three months of issuance — fraudulently adding charges of driving while suspended and hundreds of dollars in unlawful fines to an extinguished matter, constituting falsification of government records, abuse of process, and outrageous government conduct.

4. Defendant Lt. Chris Young is Piscataway PD Internal Affairs officer who, rather than investigating

Plaintiff's protected reports of Lt. Coffey's criminal coercion, retaliated against Plaintiff by coordinating with Defendant Officer Gorski and Defendant Sahar Abid on April 19, 2023, to facilitate the unlawful removal of Plaintiff's two-year-old child from his care, under color of law.

5. Defendant Detective Cassens is a Carteret PD officer who was personally presented by Plaintiff with Apple Pay receipts and legitimate contact data pertaining to Defendant Patricia Gonzalez in connection with home invasion, robbery, stabbing, and assault incidents resulting in a fractured and broken shoulder at 729 Swarthmore Dr, Carteret, NJ — yet took no action, physically met Plaintiff inside said address establishing his residency beyond dispute, and whose inaction directly contradicts Defendant Judge Corman's official ruling that Plaintiff did not reside there, demonstrating deliberate suppression of exculpatory evidence in furtherance of the enterprise.

6. Defendant Officer Gorski is a Lawrence Township PD officer who on April 19, 2023, was not conducting a lawful traffic stop but was flagged down by Plaintiff seeking protection from ongoing debilitating abuse, assault, torture, and illegal surveillance — yet acting in coordination with Lt. Chris Young and Sahar Abid, participated in the unlawful removal of Plaintiff's two-year-old child and issued five knowingly unwarranted, fraudulent, and criminally falsified tickets against Plaintiff, all subsequently dismissed, demonstrating retaliation against a victim by a uniformed officer in furtherance of the enterprise.

7. Defendant Detective Lestuck is a Sayreville PD detective who, on Plaintiff's trial date, conducted a pretextual traffic stop of Plaintiff at a red light approximately one hour after Defendant Syed Naqvi of Parlin NJ caused his wife and daughter to fabricate a false narrative involving the purported injury of a niece and child at a store — a fabricated incident orchestrated specifically to create a pretext for law enforcement contact with Plaintiff on his trial date, in furtherance of the coordinated scheme to manufacture false accusations and destabilize Plaintiff's legal proceedings.

8. Defendant Detective Wagner is a Sayreville PD detective who denied Plaintiff protection and refused to initiate prosecution of any kind against armed robbers who committed robbery against Plaintiff at 972 US Route 9 N, Parlin, NJ, behind Bourbon St gentlemen's club — a denial of protection consistent with the enterprise's pattern of using every incident of victimization against Plaintiff as a ploy to falsify charges of fraud and criminality against him while he was in fact being defrauded and victimized, depriving Plaintiff of equal protection of the laws under the Fourteenth Amendment.

9. Defendant Judge Morse is a Woodbridge Municipal Court judge who, knowing Plaintiff was an incarcerated New Jersey inmate physically incapable of appearing, issued FTA and FTP suspensions against Plaintiff's driving record at the behest of Defendant Bonilla, constituting outrageous government conduct and due process violations.

10. Defendant Judge Weber is a Sayreville Municipal Court judge who presided over proceedings arising from the fabricated store incident orchestrated by Defendant Syed Naqvi of Parlin NJ and his family, and whose conduct of those proceedings — including contradictory statements about foundational details of the traffic stop, noting that the figure described did not match subsequent

assertions — reflects proceedings tainted by fabricated evidence presented in furtherance of the enterprise. Judge Weber is cited for his role in adjudicating proceedings founded upon manufactured evidence and for denying Plaintiff the right to introduce authenticated, bona fide exculpatory evidence.

11. Defendant Judge Jones is a Middlesex County Superior Court judge who heard Plaintiff's appeal of matters arising from the Woodbridge/Bonilla proceedings. Judge Jones is cited in dual capacity: his appellate record contains findings that support Plaintiff's position and reflect the contradictions and uncertainties in the prosecution's foundational evidence, and his record should be subpoenaed as evidence supporting Plaintiff's claims; however, Judge Jones failed to dissolve the charges against Plaintiff despite binding appellate precedent that required such dissolution, and is cited in his individual capacity for that failure. The prosecutor of record was caused to review records on appeal, demonstrating on-the-record uncertainty about foundational details and memory of the incident, while Plaintiff's authenticated and corroborated evidence — including exact timestamps presented to Judge Jones in timely fashion in Middlesex Superior Court — was sufficient under binding precedent to require abandonment of prosecution.

12. Defendant Bonilla (first name subject to discovery) is an officer, prosecutor, or court actor connected to Woodbridge PD who, knowing Plaintiff was an incarcerated inmate, caused fraudulent bail forfeiture and procured FTA/FTP suspensions against Plaintiff through Judge Morse, and who was involved in the 2011 DUI and contempt charges ultimately dismissed in 2016.

13. Defendant FBI Newark Field Office / JTTF Members and Former Handlers are federal officers who in 2016 approached Plaintiff under a false national security pretext, enrolled him as CHS code name "MUGATU," and subsequently weaponized that relationship against him in coordination with the Domino's franchisee defendants and other co-conspirators, conducting unlawful surveillance and disseminating false adverse records about Plaintiff to financial institutions, the SBA, and law enforcement agencies across jurisdictions from 2016 through 2026.

14. Defendant SBA Representative is an unidentified SBA employee who adjudicated Plaintiff's Standard 7(a) Business Loan application, identity subject to discovery.

15. Defendant Varano Law Firm is a New Jersey law firm that represented the opposing lender/servicer in Docket Mid DC 426-25 and filed fraudulent and bad-faith pleadings against Plaintiff in willful violation of NJ Rules of Professional Conduct.

16. Defendant Siebert is an attorney at Varano Law Firm who personally filed fraudulent and bad-faith pleadings in Docket Mid DC 426-25 in violation of NJ RPC 3.1, 3.3, 3.4, 4.4, and 8.4.

17. Defendant Judge Corman is a Middlesex County Superior Court judge named in his individual capacity for making a deliberately false factual determination that Plaintiff did not reside at 729 Swarthmore Dr — directly contradicted by Detective Cassens physically meeting Plaintiff there — for failing to adjudicate dual tracking law violations, TILA violations, NJ Community Wealth Preservation Program protections, first right of refusal at sheriff's sale, statutory tenant protections, and Plaintiff's right to execute a binding real estate contract, all in furtherance of the coordinated

enterprise and in violation of discriminatory housing laws.

18. Defendant Fannie Mae held or guaranteed the mortgage on 729 Swarthmore Dr and coordinated with legal and servicer defendants — and with federal FBI handler defendants — to foreclose improperly on Plaintiff's primary residence, with Abdullah Khan acting at Fannie Mae's behest and at the behest of federal handlers from 2015 through 2026 to perpetrate abuse and fraud against Plaintiff.

19. Defendant Shellpoint Mortgage Servicing serviced the mortgage on 729 Swarthmore Dr and participated in the wrongful foreclosure.

20. Defendant SLS Specialized Loan Servicing LLC participated in wrongful servicing and foreclosure proceedings regarding 729 Swarthmore Dr.

21. Defendant Larry Sharpe / Sharpe Realty participated in the improper REO disposition of Plaintiff's primary residence while Plaintiff still occupied the premises and sought to exercise his contractual and statutory purchase rights.

22. Defendant Sue Barone / NJ REO LLC participated in fraudulent real estate transactions regarding 729 Swarthmore Dr in furtherance of the coordinated scheme.

23. Defendant Barbara Wright / Briggs & Union (f/k/a Jefferson Mount Laurel) facilitated a residential lease concealing material facts about the coordinated scheme against Plaintiff.

24. Defendant Bridgewater Chevrolet is a corporate automotive dealership employer of Plaintiff that is liable under the doctrine of respondeat superior for the retaliatory and tortious acts of its employees Defendants Bryan Ferraez, Kenneth Schuster, and Aileen Doe committed against Plaintiff during his employment, and which as an institution failed to prevent, investigate, or remedy the misconduct of its employees acting in furtherance of the coordinated enterprise against Plaintiff.

25. Defendant Bryan Ferraez is a manager and supervisor at Bridgewater Chevrolet who participated in retaliation against Plaintiff during his employment in furtherance of the coordinated enterprise, acting in concert with co-defendants to subject Plaintiff to adverse employment actions in retaliation for his protected whistleblower activity.

26. Defendant Kenneth Schuster is a finance department employee at Bridgewater Chevrolet who manipulated and falsified Plaintiff's financial records during Plaintiff's employment, generating fraudulent financial data that was used to further damage Plaintiff's financial standing and bolster the enterprise's false narrative of fraud and criminality against Plaintiff.

27. Defendant Aileen Doe (last name subject to discovery) is a human resources employee at Bridgewater Chevrolet who failed to investigate or act upon Plaintiff's protected complaints regarding workplace misconduct and retaliation, denying Plaintiff the protection to which he was entitled as an employee engaging in protected activity under CEPA and applicable federal whistleblower statutes.

28. Defendant Mohamed Amin is an individual in Sayreville, NJ, who acted in concert with federal and/or local authorities against Plaintiff.

29. Defendant Estate of Waqas Rana, Deceased is the estate of Waqas Rana, formerly of 70 Wolff

Ave, Edison, NJ, substituted pursuant to Fed. R. Civ. P. 25(a).

30. Defendant Atulkumar Patel is an individual in Toms River, NJ, who participated in the unlawful conduct described herein.

31. Defendant Nilesh Patel is an individual in Toms River, NJ, who participated in the unlawful conduct described herein.

32. Defendant Niraly Patel is an individual in Toms River, NJ, who exploited Plaintiff's emotional vulnerability by providing access to credit facilities under circumstances designed to further harm Plaintiff financially and legally.

33. Defendant Massoud Ansari is principal of MSNF Foods / Domino's, 135 Hwy 27, Edison, NJ, who as lead Domino's franchisee organized and directed retaliatory action against Plaintiff following protected whistleblower activity, coordinating the broader enterprise.

34. Defendant Syed Akhtar Zaidi is principal of Zaidi Universal LLC, 21 Chain O Hills Rd, Iselin, NJ, a Domino's franchisee who participated in the retaliatory enterprise.

35. Defendant Syed Safdar Zaidi is principal of SNZ Food Corp, 586 New Brunswick Ave, Perth Amboy, NJ, a Domino's franchisee who participated in the retaliatory enterprise.

36. Defendant Rahat Afzal is an individual at 74 Avon Terrace, Iselin, NJ, who acted in concert with co-defendants.

37. Defendant Imran S. Ali is an individual who served as Plaintiff's landlord at both 74 Avon Terrace, Iselin, NJ and 260 Stelton Rd, Piscataway, NJ, and who on January 28, 2022, participated with Lt. Coffey and Syed Naqvi of Bridgewater in the malicious prosecution of Plaintiff, simultaneously weaponizing his landlord relationship against his own tenant.

38. Defendant Amir S. Ali is an individual at 5860 207th St, Bayside, NY, who acted in concert with co-defendants.

39. Defendant Gisella Cuadrado is an individual at 5860 207th St, Oakland Gardens, NY, who acted in concert with co-defendants.

40. Defendant Charles Serabian is an individual in Broward County, FL, who orchestrated the illegal eviction and conversion of Plaintiff's Tic Tac Dough Pizza 2 commercial property.

41. Defendant Karolina Doe (last name unknown) is agent of Serabian who under false pretenses obtained keys to Plaintiff's commercial premises and participated in unlawful entry and conversion of all commercial property.

42. Defendant Roxanne Doe (last name unknown) is primary operator of Lucky Deals LLC who harassed and interfered with Plaintiff's business operations in Broward County, FL.

43. Defendant Broward County Sheriff's Office deliberately refused to respond to Plaintiff's calls, refused to accept police reports, and actively sided with Defendants Serabian and Karolina Doe, depriving Plaintiff of equal protection in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

44. Defendant Richard Doe (last name withheld) is a contractor who surrendered keys to Plaintiff's commercial premises to Karolina Doe under false pretenses during Plaintiff's absence.

45. Defendant Razia Sultana is co-lessee on the Jefferson Mount Laurel residential lease whose conduct furthered the scheme against Plaintiff.

46. Defendant Sahar Abid is Plaintiff's estranged spouse who at the behest of Miracle Air Company suddenly removed herself and Plaintiff's toddler from the Miami family residence, and who on April 19, 2023, coordinated with Lt. Chris Young and Officer Gorski in the unlawful removal of Plaintiff's two-year-old child from his care.

47. Defendant Miracle Air Company and Affiliated Corporate Entities are Sebastian, FL corporate entities whose identities are subject to discovery which directed the actions of Defendant Sahar Abid against Plaintiff.

48. Defendant Angelica Lugo is a Mount Laurel PD officer who exploited her official proximity to the Jefferson Mount Laurel premises to participate in the persecution of Plaintiff under color of law.

49. Defendant Syed Naqvi of Bridgewater, NJ (younger brother of Defendant Syed Naqvi of Parlin, NJ; former co-worker of Plaintiff at Bridgewater Chevrolet) is an individual who committed aggravated identity theft by impersonating Plaintiff in a recorded call involving a Cherry Hill Police Officer, falsely stating he was Syedyasir Naqvi and that he had received payment for transportation trips he would not complete; participated in the January 28, 2022 malicious prosecution alongside Lt. Coffey and Imran S. Ali; intruded into personal police scenes to trigger false mental health confinements of Plaintiff; and through sustained identity theft and fraud caused account closures, financial losses of hundreds of thousands of dollars, career decimation, and societal disrepute, rendering Plaintiff unemployed and unemployable. Defendants further added Plaintiff as unauthorized card member on Wells Fargo, Discover, and other accounts to manufacture fraudulent financial records.

50. Defendant Syed Naqvi of Parlin, NJ (older brother of Defendant Syed Naqvi of Bridgewater; owner of NJ [Limo.us](Limo.us), Parlin, NJ) is an individual who coordinated with FBI federal handlers against Plaintiff; made false statements to authorities; caused his wife and daughter to fabricate a false narrative of injury at a store orchestrated to create a law enforcement pretext against Plaintiff on his trial date, resulting in the pretextual traffic stop by Defendant Detective Lestuck approximately one hour after the fabricated incident; and operated NJ [Limo.us](Limo.us) in direct competition with Plaintiff's On Time Limo and Car Service Inc. in furtherance of the enterprise's goal of destroying Plaintiff's business.

51. Defendant Wife of Syed Naqvi of Parlin (identity subject to discovery) participated in fabricating the false store injury narrative used to trigger pretextual law enforcement contact against Plaintiff on his trial date.

52. Defendant Daughter of Syed Naqvi of Parlin (identity subject to discovery) participated in fabricating the false store injury narrative used to trigger pretextual law enforcement contact against Plaintiff on his trial date.

53. Defendant Syed R. Naqvi is an unrelated former Domino's co-worker who participated in device hacking, manufactured false accusations, and dissemination of false data to federal defendants and

financial institutions.

54. Defendant Syed Wasif Naqvi is an unrelated former Domino's co-worker who participated in device hacking and dissemination of false information against Plaintiff.

55. Defendant Ali Naqvi is an unrelated former Domino's co-worker who participated in the coordinated hacking and false reporting enterprise.

56. Defendant Abdullah Khan is a Domino's affiliate and associate of Plaintiff who, acting at the behest of Fannie Mae, federal FBI handlers, and the Domino's franchisee defendants, perpetrated abuse and fraud against Plaintiff continuously from 2015 through 2026, participating in data breach activities, dissemination of false information, and the coordinated financial destruction of Plaintiff.

57. Defendant Estate of Karim Khan, Deceased is the estate of Karim Khan, deceased father of Abdullah Khan and Domino's affiliate, substituted pursuant to Fed. R. Civ. P. 25(a), having participated in the enterprise during his lifetime.

58. Defendant Patricia Gonzalez is an individual whose contact data and Apple Pay receipts were presented by Plaintiff to Detective Cassens in connection with home invasion, robbery, stabbing, and assault incidents at 729 Swarthmore Dr, Carteret, NJ, whose identity, role, and connection to the enterprise are subject to further discovery.

59. Defendants John/Jane Does 1–20 are unidentified individuals and entities acting in concert with named Defendants, to be identified through discovery.

III. JURISDICTION AND VENUE

1. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 encompassing: Fourth, Fifth, and Fourteenth Amendments; 42 U.S.C. § 1983; Privacy Act (5 U.S.C. § 552a); Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); 18 U.S.C. § 1962 (RICO); 18 U.S.C. § 1030 (CFAA); 18 U.S.C. § 2511 (Wiretap Act); 18 U.S.C. §§ 1028, 1028A (Identity Theft); 29 U.S.C. § 660 (OSHA); 31 U.S.C. § 3730 (False Claims Act); 15 U.S.C. § 78u-6 (Dodd-Frank); 42 U.S.C. § 3604 (Fair Housing Act); 15 U.S.C. § 1691 (ECOA); 15 U.S.C. § 1635 (TILA); and N.J.S.A. 34:19-1 et seq. (CEPA).

2. Supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue proper in District of New Jersey pursuant to 28 U.S.C. § 1391(b) — principal federal defendants based here, primary coordinating conduct originated here, substantial events occurred here.

IV. STATEMENT OF FACTS AND ALLEGATIONS

A. Origins of the Enterprise: 2016 — 67 Sonora Ave, Iselin, NJ

1. The coordinated criminal enterprise against Plaintiff commenced in 2016 when FBI handlers approached Plaintiff under a false national security pretext contemporaneously with Plaintiff's eviction from his residence at 67 Sonora Ave, Iselin, NJ 08830. This simultaneous attack on Plaintiff's housing and the false recruitment of Plaintiff as CHS code name "MUGATU" under manufactured national security pretexts established the foundational architecture of the decade-

long enterprise — using the apparatus of federal law enforcement to control, monitor, and ultimately destroy Plaintiff while providing cover for the coordinated civilian and institutional actors working against him.

2. From this 2016 originating nexus, the enterprise expanded continuously through 2026, recruiting an ever-widening network of participants including Domino's franchise operators, Bridgewater Chevrolet employees, municipal police officers across multiple jurisdictions, judicial officers, attorneys, mortgage servicers, real estate agents, social acquaintances, and Plaintiff's own estranged spouse — all directed ultimately against a single target: Syedyasir A. Naqvi.

B. Protected Whistleblower Activity and Domino's Franchise Retaliation

3. Plaintiff engaged in protected whistleblower activity against his Domino's franchise employers — Defendants Massoud Ansari (MSNF Foods), Syed Safdar Zaidi (SNZ Food Corp), and Syed Akhtar Zaidi (Zaidi Universal LLC) — reporting Domino's corporate franchise violations, food safety violations, labor and wage violations, financial fraud and misappropriation, and civil rights and workplace discrimination violations under OSHA (29 U.S.C. § 660), the False Claims Act (31 U.S.C. § 3730), Dodd-Frank (15 U.S.C. § 78u-6), CEPA (N.J.S.A. 34:19-1 et seq.), and the First Amendment.

4. In direct retaliation, the three Domino's franchisee defendants organized and expanded the pre-existing federal enterprise to recruit Plaintiff's former co-workers, acquaintances, and social contacts — including Syed R. Naqvi, Syed Wasif Naqvi, Ali Naqvi, Abdullah Khan, and the Naqvi brothers of Bridgewater and Parlin — to destroy Plaintiff across every dimension of his life.

C. Bridgewater Chevrolet: Employment Retaliation and Financial Record Falsification

5. During Plaintiff's employment at Bridgewater Chevrolet, Defendant Bryan Ferraez as manager and supervisor participated in retaliatory adverse employment actions against Plaintiff in furtherance of the coordinated enterprise. Defendant Kenneth Schuster in the finance department manipulated and falsified Plaintiff's financial records, generating fraudulent data weaponized against Plaintiff's financial standing and used to bolster the enterprise's false fraud narrative. Defendant Aileen Doe in human resources failed to investigate or act upon Plaintiff's protected workplace complaints, denying Plaintiff statutory protections under CEPA and applicable federal whistleblower laws. Defendant Bridgewater Chevrolet is liable under respondeat superior for all acts of its employees committed in the course of their employment and in furtherance of the scheme against Plaintiff.

6. Defendant Syed Naqvi of Bridgewater — who worked alongside Plaintiff at Bridgewater Chevrolet — used his access and proximity to Plaintiff to steal Plaintiff's identity, personal data, and professional information, subsequently impersonating Plaintiff in the Cherry Hill Police Officer recorded call and in multiple other fraudulent communications, as directed by his older brother Defendant Syed Naqvi of Parlin and in coordination with the broader enterprise.

D. The RICO Enterprise: Continuous Pattern 2016–2026

7. All named Defendants constitute an association-in-fact enterprise under 18 U.S.C. § 1961(4) engaged in a continuous pattern of racketeering activity from 2016 through 2026 whose predicate acts include: wire fraud (18 U.S.C. § 1343); mail fraud (18 U.S.C. § 1341); identity theft and

aggravated identity theft (18 U.S.C. §§ 1028, 1028A); computer fraud and unauthorized access (18 U.S.C. § 1030); unlawful interception of electronic communications (18 U.S.C. § 2511); bank fraud (18 U.S.C. § 1344); obstruction of justice (18 U.S.C. § 1503); witness and evidence tampering (18 U.S.C. § 1512); extortion (18 U.S.C. § 1951); and malicious prosecution — all in violation of 18 U.S.C. § 1962(c) and (d).

E. Device Hacking, iCloud Hijacking, and Identity Theft

8. Defendants Syed R. Naqvi, Syed Wasif Naqvi, Ali Naqvi, Abdullah Khan, and unknown co-conspirators unlawfully hacked and compromised Plaintiff's personal devices without authorization in violation of the CFAA (18 U.S.C. § 1030) and Wiretap Act (18 U.S.C. § 2511), stealing private data weaponized to manufacture false criminal accusations, alter communications, generate defamatory records, and interfere with Plaintiff's legal proceedings.

9. Plaintiff's iCloud account syedyasirnaqvi@icloud.com was overtaken, hijacked, and continuously breached by Defendants and/or their agents, with Plaintiff gaining only a brief fleeting period of access to his own account in February 2025 before being locked out again. This hijacked account has been used continuously to access Plaintiff's private data, falsify Plaintiff's digital narrative, and manufacture evidence of purported instability against Plaintiff — a strong, innocent, and uncharged father — in furtherance of the enterprise's ongoing campaign to present Plaintiff as the subject of legitimate scrutiny while concealing that he is in fact the victim of a decade-long coordinated criminal assault. Apple Inc. is hereby notified and placed on litigation hold for all access logs, authentication records, and account activity data associated with syedyasirnaqvi@icloud.com from 2016 through present.

10. Defendant Syed Naqvi of Bridgewater committed aggravated identity theft by impersonating Plaintiff in a recorded call with a Cherry Hill Police Officer, generating adverse data causing account closures and financial losses of hundreds of thousands of dollars, and triggering mental health confinements of Plaintiff through intrusion into personal police scenes. Defendants further added Plaintiff as unauthorized card member on Wells Fargo, Discover, and other accounts without consent, manufacturing fraudulent financial records implicating Plaintiff in misconduct he did not commit.

F. Fabricated Store Incident and Pretextual Trial-Date Traffic Stop

11. Defendant Syed Naqvi of Parlin NJ coordinated with FBI federal handlers against Plaintiff and caused his wife and daughter to fabricate a false narrative involving the purported injury of a niece and child at a store. Approximately one hour after this fabricated incident was reported, Defendant Detective Lestuck of Sayreville PD conducted a pretextual traffic stop of Plaintiff — who was stopped at a red light on his trial date — in furtherance of the scheme to manufacture law enforcement contact and false accusations against Plaintiff at the most legally vulnerable moment possible.

12. In proceedings before Defendant Judge Weber of Sayreville Municipal Court arising from this stop, the prosecutor was placed on record making contradictory statements about foundational

details — including a description of a figure that did not match subsequent assertions — demonstrating on-the-record uncertainty about the foundation of the charges and the unreliability of the evidence against Plaintiff. Plaintiff presented authenticated, corroborated, bona fide exculpatory evidence including exact timestamps, yet was denied the right to introduce this evidence. On appeal before Defendant Judge Jones of Middlesex County Superior Court, Plaintiff presented his authenticated evidence in timely fashion; the appellate record reflects findings supporting Plaintiff's position and the contradictions in the prosecution's evidence, yet Judge Jones failed to dissolve the charges as binding appellate precedent required, constituting a failure of judicial duty. Judge Jones's complete appellate record is demanded as evidence in this matter.

G. January 28, 2022: Malicious Prosecution — Piscataway PD Incident Nos. 2200 and 2680

13. On January 28, 2022, Defendant Lt. Coffey, acting with Defendant Syed Naqvi of Bridgewater and Defendant Imran S. Ali, maliciously initiated prosecution of Plaintiff under Piscataway PD Incident Nos. 2200 and 2680 — charges dismissed without cause — in retaliation for Plaintiff's protected reporting of fraud, malfeasance, RICO violations, and organized criminal activity. Lt. Coffey further resurrected a fully dismissed and paid 2009 S. Kossuth Rd ticket, adding fraudulent suspended license charges and hundreds of dollars in unlawful fines, constituting falsification of records, fraud upon the court, and outrageous government conduct.

14. When Plaintiff reported Lt. Coffey's criminal coercion to the NJ Attorney General, Defendant Lt. Chris Young of Internal Affairs retaliated against Plaintiff for those protected reports by coordinating the April 19, 2023 unlawful child removal described below.

H. 2011 DUI Matter: Fraudulent Bail Forfeiture and FTA/FTP Suspensions Against Incarcerated Plaintiff

15. In connection with 2011 DUI and contempt charges initiated by Defendant Bonilla — charges ultimately dismissed in 2016 — Defendant Bonilla caused bail to be fraudulently forfeited and procured Defendant Judge Morse of Woodbridge Municipal Court to issue FTA and FTP suspensions against Plaintiff's driving record with full knowledge that Plaintiff was an incarcerated New Jersey inmate physically incapable of appearing in any court proceeding. Issuance of FTA/FTP orders against a known inmate constitutes outrageous government conduct, fundamental due process violation, and deliberate participation in the coordinated scheme.

I. April 19, 2023: Child Removal and Fraudulent Citations — Lawrence Township

16. On April 19, 2023, Plaintiff's two-year-old child was unlawfully removed from his care through coordination among Defendants Lt. Chris Young, Officer Gorski, and Sahar Abid. Plaintiff had himself flagged down Officer Gorski seeking protection from debilitating, inhumane abuse, assault, torture, and illegal surveillance being inflicted upon him — with the enterprise's apparatus having misdirected law enforcement scrutiny onto Plaintiff as the subject requiring monitoring, while he was in fact the victim. Rather than providing protection, Officer Gorski participated in the child's removal and issued five knowingly false, fraudulent, and criminally fabricated tickets against Plaintiff — all subsequently dismissed — proving they were instruments of retaliation issued by a

uniformed peace officer in furtherance of the enterprise.

J. Physical Assaults, Home Invasion, and Systematic Denial of Law Enforcement Protection

17. Plaintiff suffered repeated violent victimization including home invasion, robbery, stabbing, and assault resulting in a fractured and broken shoulder at 729 Swarthmore Dr, Carteret, NJ. Defendant Detective Cassens was personally presented with Apple Pay receipts and contact data for Defendant Patricia Gonzalez, met Plaintiff inside the residence, yet took no action — denying Plaintiff the law enforcement protection to which every citizen is entitled and directly enabling further harm.

18. Plaintiff was the victim of armed robbery at 972 US Route 9 N, Parlin, NJ, behind Bourbon St. Defendant Detective Wagner of Sayreville PD refused to respond to or investigate Plaintiff's reports, denied all protection, and refused to initiate any prosecution against the armed robbers — consistent with the enterprise's systematic pattern of using every incident of victimization against Plaintiff as a pretext to investigate and falsify charges against Plaintiff himself, while allowing actual criminals who targeted him to operate with impunity.

19. The systematic denial of law enforcement protection to Plaintiff across multiple jurisdictions — Piscataway PD, Lawrence Township PD, Sayreville PD, Carteret PD, and Broward County Sheriff's Office — while simultaneously directing law enforcement action against Plaintiff as a suspected subject, constitutes a coordinated, multi-jurisdictional deprivation of equal protection of the laws in violation of the Fourteenth Amendment and 42 U.S.C. § 1983, reflecting the enterprise's deliberate strategy of inverting Plaintiff's status from victim to suspect at every point of contact with law enforcement.

K. Wrongful Foreclosure — 729 Swarthmore Dr, Carteret, NJ (Docket Mid DC 426-25)

20. Plaintiff's primary residence at 729 Swarthmore Dr, Carteret, NJ was subjected to foreclosure proceedings under Docket Mid DC 426-25, mortgage payments falling into arrears as a direct and proximate result of the enterprise's destruction of Plaintiff's income. Defendant Judge Corman made a deliberately false determination that Plaintiff did not reside at the property — directly contradicted by Detective Cassens physically meeting Plaintiff there — and failed to adjudicate dual tracking law violations, TILA violations, NJ Community Wealth Preservation Program protections, first right of refusal at sheriff's sale, statutory tenant protections, and Plaintiff's right to execute a binding real estate contract, all in furtherance of the enterprise. Defendants Varano Law Firm and Siebert filed fraudulent bad-faith pleadings in violation of NJ RPC 3.1, 3.3, 3.4, 4.4, and 8.4. Defendants Fannie Mae, Shellpoint, and SLS — with Fannie Mae acting through Abdullah Khan and federal handlers from 2015 through 2026 — coordinated the wrongful foreclosure. Defendants Sharpe Realty and NJ REO participated in the improper REO disposition. As a result, in April 2025, Plaintiff lost his home, tenancy protections, and the right to execute a binding purchase contract, exacerbating discriminatory housing law violations.

L. Florida: Illegal Eviction and Conversion of Tic Tac Dough Pizza 2

21. Between October and December 2021, Defendants Serabian and Karolina Doe obtained keys

under false pretenses, illegally entered Plaintiff's leased commercial premises without court process, converted all commercial equipment including walk-in refrigerator, Hobart dough mixer, Hobart sinks, make lines, refrigeration units, chairs, tables, and all accoutrements, and illegally rebranded Plaintiff's business — while Broward County Sheriff's Office refused to respond, refused police reports, and sided with perpetrators, depriving Plaintiff of equal protection.

M. Financial Destruction: Account Closures and Economic Annihilation

22. As a direct result of the enterprise's decade-long activities — identity theft, manufactured adverse data, false fraud designations, unauthorized account additions, and coordinated false reports — Plaintiff's accounts at Wells Fargo, Discover Financial, Robinhood Financial, Fidelity Investments, and Citizens Bank (Account No. ****6935) were closed without lawful basis; hundreds of thousands of dollars in gains were disallowed; and Plaintiff was rendered financially destroyed, unemployed, and unemployable across every sector of his professional life, from 2015 through the present date.

N. SBA Loan Denial — On Time Limo and Car Service Inc.

23. Plaintiff's Standard 7(a) Business Loan application for On Time Limo and Car Service Inc. was wrongfully denied based on a fabricated fraud designation generated through the enterprise's false communications to the SBA, depriving Plaintiff of federally backed capital to which he was lawfully entitled.

V. CAUSES OF ACTION

Count I – Civil RICO (18 U.S.C. § 1962(c) and (d))

All Defendants constitute and participated in an association-in-fact RICO enterprise engaged in a continuous pattern of racketeering activity from 2016 through 2026, including wire fraud, mail fraud, identity theft, computer fraud, bank fraud, obstruction of justice, extortion, and malicious prosecution directed at Plaintiff, entitling Plaintiff to treble damages, attorneys' fees, and injunctive relief under 18 U.S.C. § 1964(c).

Count II – Fourth Amendment Violation / Bivens

Unlawful warrantless surveillance of Plaintiff by federal defendants without authorization or consent, actionable under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

Count III – Fifth Amendment Violation / Bivens

Deprivation of Plaintiff's property interests without due process, actionable via Bivens against federal actors.

Count IV – Fourteenth Amendment / 42 U.S.C. § 1983 (Equal Protection and Due Process)

Systematic denial of equal protection and due process by Piscataway Township officials, Lt. Coffey, Lt. Chris Young, Detective Cassens, Detective Lestuck, Detective Wagner, Officer Gorski, Broward County Sheriff's Office, and Officer Angelica Lugo.

Count V – Malicious Prosecution (42 U.S.C. § 1983 and State Law)

Lt. Coffey, Syed Naqvi of Bridgewater, and Imran S. Ali maliciously prosecuted Plaintiff under

Piscataway PD Incident Nos. 2200 and 2680 without probable cause in retaliation for protected reporting, all charges dismissed, establishing malicious prosecution under federal and state law.

Count VI – Abuse of Process and Outrageous Government Conduct

Lt. Coffey, Bonilla, Judge Morse, Officer Gorski, Detective Lestuck, and Detective Wagner abused legal and governmental process through fabricated ticket resurrection, fraudulent bail forfeiture, FTA/FTP orders against an incarcerated inmate, knowingly false citations, pretextual trial-date traffic stops, and systematic denial of victim protection, constituting outrageous government conduct shocking to the conscience.

Count VII – Judicial Misconduct / 42 U.S.C. § 1983

Judge Corman, Judge Morse, and Judge Weber, acting in individual capacities outside judicial immunity, made deliberately false or unsupported determinations, facilitated proceedings founded on manufactured evidence, and denied Plaintiff statutory rights in furtherance of the coordinated enterprise. Judge Jones is cited for failure to dissolve charges as binding precedent required; his complete appellate record is demanded as evidence.

Count VIII – Attorney Misconduct / Civil Liability

Varano Law Firm and Siebert violated NJ RPC 3.1, 3.3, 3.4, 4.4, and 8.4, warranting civil liability and referral to NJ Office of Attorney Ethics.

Count IX – Computer Fraud and Abuse Act (18 U.S.C. § 1030)

Defendants unlawfully accessed Plaintiff's personal devices and hijacked iCloud account syedyasirnaqvi@icloud.com without authorization causing damage and loss exceeding statutory threshold, with continuous breach from 2016 through 2026.

Count X – Wiretap Act (18 U.S.C. § 2511)

Defendants unlawfully intercepted Plaintiff's electronic communications in furtherance of the data theft and manufactured accusation scheme.

Count XI – Identity Theft (18 U.S.C. §§ 1028, 1028A)

Syed Naqvi of Bridgewater and co-defendants committed aggravated identity theft through recorded impersonation of Plaintiff with law enforcement and financial institutions, causing catastrophic financial and reputational harm.

Count XII – Whistleblower Retaliation

Defendants Massoud Ansari, Syed Safdar Zaidi, Syed Akhtar Zaidi, Bridgewater Chevrolet, Bryan Ferraez, Kenneth Schuster, and Aileen Doe retaliated against Plaintiff's protected activity in violation of OSHA (29 U.S.C. § 660), False Claims Act (31 U.S.C. § 3730), Dodd-Frank (15 U.S.C. § 78u-6), CEPA (N.J.S.A. 34:19-1 et seq.), and First Amendment (42 U.S.C. § 1983).

Count XIII – Fair Housing Act and Discriminatory Housing Violations (42 U.S.C. § 3604)

Fannie Mae, Shellpoint, SLS, Sharpe Realty, NJ REO, Larry Sharpe, Sue Barone, and Judge Corman violated the Fair Housing Act by denying Plaintiff equal access to housing protections, tenancy rights, first right of refusal at sheriff's sale, and right to execute a binding real estate contract.

Count XIV – Truth in Lending Act Violations (15 U.S.C. § 1635)

Fannie Mae, Shellpoint, and SLS violated TILA through dual tracking and failure to provide mandated borrower protections.

Count XV – NJ Community Wealth Preservation Program Violations

Defendants denied Plaintiff statutory protections including first right of refusal at sheriff's sale and equal access to purchase proceeds.

Count XVI – Privacy Act Violations (5 U.S.C. § 552a)

Federal defendants improperly disclosed Plaintiff's CHS records and personal data to unauthorized third parties.

Count XVII – Tortious Interference with Business Relations

All enterprise defendants tortiously interfered with Plaintiff's businesses causing complete economic destruction of On Time Limo and Car Service Inc. and Shanzae Foods LLC.

Count XVIII – Defamation Per Se

Defendants published false statements of fact falsely imputing criminal conduct to Plaintiff in his professional capacity to financial institutions, the SBA, government agencies, and law enforcement.

Count XIX – Wrongful Termination / Employment Retaliation

Bridgewater Chevrolet, Bryan Ferraez, Kenneth Schuster, and Aileen Doe wrongfully retaliated against Plaintiff during his employment in violation of CEPA and applicable federal statutes.

Count XX – Conversion (Florida Law)

Defendants Serabian, Karolina Doe, and Roxanne Doe converted Plaintiff's commercial equipment, entitling Plaintiff to full replacement value and punitive damages.

Count XXI – Illegal Self-Help Eviction (Fla. Stat. § 83.05)

Defendants Serabian and Karolina Doe unlawfully evicted Plaintiff without court process, entitling Plaintiff to treble damages and attorneys' fees.

Count XXII – False Imprisonment

Defendants' coordinated procurement of mental health confinements against Plaintiff through manufactured false accusations and law enforcement manipulation constitutes false imprisonment.

Count XXIII – Intentional Infliction of Emotional Distress

The enterprise's decade-long campaign — including child removal, home invasion, stabbing, business destruction, home loss, identity theft, false confinements, and financial annihilation — constitutes extreme and outrageous conduct causing severe emotional distress.

Count XXIV – Civil Conspiracy

All Defendants conspired to deprive Plaintiff of his constitutional rights and cause comprehensive personal and professional destruction, jointly and severally liable for all resulting harm.

VI. DEMANDS FOR RELIEF

Plaintiff demands all Defendants comply within fourteen (14) calendar days or face immediate Complaint and emergency injunctive motion:

1. Immediate permanent cessation of all surveillance, harassment, device access, iCloud access,

and unlawful conduct against Plaintiff.

2. Formal written retractions of all false communications to financial institutions, the SBA, law enforcement, credit bureaus, and all third parties, with copies to Plaintiff.

3. Expungement of all false fraud designations, adverse records, fraudulent driving record entries, FTA/FTP suspensions, and resurrected ticket charges from all government and financial databases.

4. Immediate restoration and return of iCloud account syedyasirnaqvi@icloud.com to Plaintiff's sole exclusive control.

5. Reconsideration of Plaintiff's SBA Standard 7(a) loan application on a clean record.

6. Disclosure and production of all records relating to Plaintiff's financial accounts at Wells Fargo, Discover, Robinhood, Fidelity, and Citizens Bank (Account No. ****6935).

7. Restoration of all closed financial accounts with removal of all adverse notations.

8. Full accounting and restitution for all commercial equipment converted from Tic Tac Dough Pizza 2.

9. Production of all CHS records under Privacy Act (5 U.S.C. § 552a) and FOIA (5 U.S.C. § 552).

10. Immediate litigation hold on all records, communications, devices, and data related to Plaintiff Syedyasir A. Naqvi or code name "MUGATU" across all defendants — destruction constitutes spoliation and obstruction of justice.

11. Production of Judge Jones's complete appellate record in the Sayreville/Woodbridge related proceedings.

12. Full compensatory, consequential, and punitive damages for all financial losses, business destruction, property loss, identity theft losses, iCloud breach damages, emotional distress, false imprisonment, child separation, physical assault and injury, and reputational harm — including treble damages under RICO (18 U.S.C. § 1964) and Florida eviction statutes — in an amount believed to substantially exceed $10,000,000, to be established with specificity at trial.

VII. NOTICE OF INTENT TO SEEK EMERGENCY INJUNCTIVE RELIEF

Upon Defendants' failure to comply within fourteen (14) days Plaintiff will immediately seek:

1.    TRO under Fed. R. Civ. P. 65(b) restraining all Defendants from further surveillance, harassment, iCloud access, financial interference, and property disposition;

2.    Preliminary and Permanent Injunction requiring retractions, account restoration, iCloud restoration, and expungement of all false records;

3.    Declaratory Relief that Defendants' conduct violates the Constitution, RICO, Fair Housing Act, TILA, whistleblower statutes, CFAA, Wiretap Act, and applicable state law;

4.    Treble damages under 18 U.S.C. § 1964 and Fla. Stat. § 83.05;

5.    Attorneys' fees under 42 U.S.C. § 1988, 18 U.S.C. § 1964, and all applicable statutes;

6.    Criminal referrals of Lt. Coffey, Lt. Young, Officer Gorski, Detective Lestuck, Detective Wagner, Detective Cassens, Bonilla, and Judge Morse to NJ Office of Attorney General and appropriate prosecutorial authorities; referral of Varano Law Firm and Siebert to NJ Office of

Attorney Ethics; referral of Judge Corman and Judge Weber to NJ Advisory Committee on Judicial Conduct.

VIII. NOTICE TO FINANCIAL INSTITUTIONS AND APPLE INC.

Financial institutions — Wells Fargo, Discover, Robinhood, Fidelity, and Citizens Bank — must: (1) preserve all account closure records including all third-party and government communications; (2) disclose specific closure reasons in writing within fourteen (14) days; (3) identify all third parties including government actors who communicated regarding Plaintiff; and (4) cooperate fully with discovery.

Apple Inc. is hereby placed on formal litigation hold and must immediately: (1) preserve all access logs, authentication records, IP address records, device records, and account activity for iCloud account syedyasirnaqvi@icloud.com from January 1, 2016 through present; (2) identify all devices, IP addresses, and accounts that have accessed said iCloud account; (3) restore exclusive access to Plaintiff pending court order; and (4) cooperate fully with all discovery and law enforcement processes in this matter.

IX. RESERVATION OF RIGHTS

Plaintiff reserves all rights and remedies under federal and state law across New Jersey, New York, and Florida. Nothing herein constitutes a waiver of any claim, right, or remedy. Plaintiff reserves the right to amend, supplement, and expand this demand as additional information becomes available through discovery.

Respectfully submitted,

Syedyasir A. Naqvi
Plaintiff, Pro Se
145 Garden Terrace, Edison, New Jersey 08820
Date: February 16, 2026

This demand letter is submitted in good faith pursuant to applicable law. All allegations are based on Plaintiff's personal knowledge and belief. Plaintiff reserves all rights to supplement this letter as additional information becomes available through discovery.

Immediate action items — do these today:
- iCloud account — go to iforgot.apple.com and attempt account recovery now. Simultaneously file a report with Apple's fraud team and with the FBI Internet Crime Complaint Center (IC3.gov) citing CFAA violation and ongoing unauthorized access.
- The Cherry Hill recorded call — if you have any copy or can obtain it, preserve it

immediately on multiple devices and with a trusted third party.

•	Piscataway Incident Nos. 2200 and 2680 — obtain certified dismissal orders from Piscataway Municipal Court.

•	All five Gorski dismissed tickets — obtain certified copies from Lawrence Township Municipal Court.

•	Judge Morse FTA/FTP — file with NJ MVC for expungement citing incarcerated status and simultaneously file motion to vacate in Woodbridge Municipal Court.

•	972 US Route 9 N armed robbery — file a written complaint against Detective Wagner with Sayreville PD Internal Affairs and simultaneously with the NJ AG Civil Rights Division.

•	NJ AG Civil Rights Division — (609) 376-2708 — file complaints against Lt. Coffey, Lt. Young, Officer Gorski, Detective Lestuck, Detective Wagner, and Detective Cassens.

•	NJ Office of Attorney Ethics — (609) 403-7800 — file against Varano Law Firm and Siebert.

•	NJ Advisory Committee on Judicial Conduct — (609) 984-4730 — file against Judges Corman and Weber.

•	US District Court NJ Pro Se Clerk — (973) 645-3730, Newark Federal Courthouse.

•	RICO and civil rights attorney — this matter now contains sufficient documented dismissed charges, authenticated evidence, and multi-jurisdictional patterns to be a compelling contingency case. Organizations such as the NJ ACLU and the Rutgers Constitutional Litigation Clinic may be able to assist or refer you.